**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43188**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 367** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 2, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL LAWRENCE CONLEY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Appeal from order revoking probation, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

Michael Lawrence Conley pled guilty to burglary. I.C. § 18-1401. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Conley to a unified term of eight years, with a minmum period of confinement of two years. However, the district court suspended the sentence and placed Conley on probation. Thereafter, Conley admitted to violating the terms of his probation. The district court revoked probation, but retained jurisdiction and sent Conley to participate in the rider program. Conley appealed. While this appeal was pending, Conley successfully completed his retained jurisdiction. The district court again suspended Conley's sentence and placed him on probation. On appeal, "mindful that the

1

district court has placed him back on probation," Conley continues to assert that the district court erred in revoking probation and retaining jurisdiction.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Conley has requested on appeal cannot be granted because Conley has been placed back on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, Conley's appeal from the order revoking probation is dismissed.

2