**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43751**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 75 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 16, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| OSVALDO GUADALUPE ARENAS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Order denying motion to suppress and judgment of conviction, <u>reversed in part</u>, <u>affirmed in part</u>, and <u>case remanded</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Osvaldo Guadalupe Arenas appeals from his judgment of conviction for possession of a controlled substance, methamphetamine, arguing the district court erred when it denied, in part, Arenas' motion to suppress the statement he made to officers during a search incident to arrest. Arenas argues the district court erred because Arenas made the statement during a custodial interrogation without the requisite *Miranda*[1] warnings. The State argues Arenas' claim is moot. We hold Arenas' claim is not moot, and Arenas was subject to custodial interrogation in violation of his *Miranda* rights. We reverse in part and affirm in part the order denying the motion to suppress and remand the case to the district court for further proceedings consistent with this opinion.

_____

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

During a traffic stop, an officer discovered an outstanding arrest warrant for Arenas. At that time, a second officer arrived on the scene. The first officer informed Arenas of the arrest warrant, requested Arenas exit the vehicle, and placed Arenas under arrest pursuant to the warrant. The officer asked Arenas if he had anything on him. Arenas responded, "No." The officer handcuffed Arenas and patted him down. The officer testified that during the pat down he felt a "familiar object" in Arenas' pocket, and the officer said, "I thought you had nothing on you, dude." Arenas responded that the object was a "meth pipe." The officer retrieved the pipe from Arenas' pocket, placed Arenas in the back of the patrol vehicle, and proceeded to search Arenas' vehicle where the officer found paraphernalia and methamphetamine. The second officer testified he gave Arenas his *Miranda* rights and informed Arenas that if he brought drugs into jail, he would be charged with another felony. Arenas admitted to having methamphetamine tucked inside his waistline.

The State charged Arenas with felony possession of methamphetamine, Idaho Code Section 37-2732(c)(1), and misdemeanor possession of paraphernalia, I.C. § 37-2734A. Arenas moved to suppress evidence, arguing: (1) his initial detention was illegal; (2) the search of his person and vehicle was not sufficiently attenuated from the illegal stop; (3) his statement to the officer that the object in his pocket was a "meth pipe" and the physical evidence of the pipe itself are inadmissible under *Miranda*; and (4) the search of his vehicle was unlawful.

After a hearing, the district court granted Arenas' motion to suppress in part and denied it in part. The district court's findings and conclusions were as follows. The district court concluded there was no reasonable suspicion for the stop. However, the district court found the valid arrest warrant was a sufficient intervening circumstance to break the causal chain and sufficiently dissipate the taint of the illegal stop. Next, the district court found Arenas was not given *Miranda* warnings prior to the officer's statement: "I thought you had nothing on you, dude." However, the district court did not suppress Arenas' statement that the object in his pocket was a "meth pipe" and the physical evidence of the pipe itself, reasoning the pipe was discovered during the course of the search incident to arrest and the officer's statement was not "any more likely to elicit an incriminating response than if the officer had said 'I know what that is.'" Finally, the district court suppressed any evidence found during the search of Arenas'

2

vehicle because the search was "not justified based on the warrant exception to a search incident to arrest, or any exception under *Gant*."[2]

Pursuant to a plea agreement, Arenas conditionally pleaded guilty to possession of a controlled substance, I.C. § 37-2732(c)(1), reserving the right to appeal the district court's partial denial of Arenas' motion to suppress. The district court imposed a five-year sentence, with three years determinate, suspended the sentence, and placed Arenas on probation. Arenas timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Arenas challenges only the district court's denial of the motion to suppress his statements concerning the "meth pipe." Arenas asserts he was subject to a custodial interrogation when he made the statement regarding the pipe. Consequently, he contends, the statement should have been suppressed because he did not receive *Miranda* warnings prior to making the statement. The State argues Arenas' statement concerning the "meth pipe" is evidence only of the misdemeanor paraphernalia charge, and because Arenas did not plead guilty to the paraphernalia charge, his claim is moot.

We first address whether the issue is moot. It is not. A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the

---

[2]    *Arizona v. Gant*, 556 U.S. 332 (2009).

3

mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and, thus, is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). Here, Arenas conditionally pleaded guilty to the felony offense and reserved the right to appeal his motion to suppress. Should Arenas prevail on appeal, he has the right to withdraw his guilty plea. *See* Idaho Criminal Rule 11(a)(2). As such, Arenas has a legally cognizable interest in the determination of the suppression issue because it necessarily implicates the validity of his guilty plea. The issue, therefore, is not moot.

Although Arenas contends that both constitutions were violated, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Arenas' claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

The requirement for *Miranda* warnings is triggered by custodial interrogation. *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct. App. 1992). The United States Supreme Court equated custody with a person being deprived of his or her freedom by the authorities in any significant way. *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). This test has evolved to define custody as a situation where a person's freedom of action is curtailed to a degree associated with formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990). The initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994). To determine if a suspect is in custody, the only relevant inquiry is how a reasonable person in the suspect's position would have understood his or her situation. *Berkemer*, 468 U.S. at 442; *Myers*, 118 Idaho at 611, 798 P.2d at 456.

A court must consider all of the circumstances surrounding the interrogation. *Stansbury*, 511 U.S. at 322; *State v. James*, 148 Idaho 574, 577, 225 P.3d 1169, 1172 (2010). Factors to be considered may include the degree of restraint on the person's freedom of movement (including whether the person is placed in handcuffs), whether the subject is informed that the detention is more than temporary, the location and visibility of the interrogation, whether other individuals

were present, the number of questions asked, the duration of the interrogation or detention, the time of the interrogation, the number of officers present, the number of officers involved in the interrogation, the conduct of the officers, and the nature and manner of the questioning. *See Berkemer*, 468 U.S. at 441-42; *James*, 148 Idaho at 577-78, 225 P.3d at 1172-73. The burden of showing custody rests on the defendant seeking to exclude evidence based on a failure to administer *Miranda* warnings. *James*, 148 Idaho at 577, 225 P.3d at 1172.

The district court correctly found Arenas was under arrest at the time he made the statement regarding the pipe to the officer because Arenas was in handcuffs and was told he was under arrest. The issue, therefore, is whether the officer's statement was an interrogation in violation of Arenas' *Miranda* rights. Arenas argues the officer's statement, "I thought you had nothing on you, dude" was an interrogation because it was directed at Arenas and in reaction to Arenas' earlier claims that he had nothing on him. The State argues the officer's statement was made after the discovery and identification of the pipe and was not reasonably likely to elicit an incriminating response because the officer did not directly or indirectly ask Arenas to identify the object.

In *Miranda*, the United States Supreme Court stated that by "custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. The term "interrogation" was later refined in *Rhode Island v. Innis*, 446 U.S. 291 (1980) to refer "not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301-02. "[T]he definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response." *Id.* at 302. In *Innis*, the United States Supreme Court held the dialogue of two officers in the presence of the defendant regarding the possibility that a handicapped child would find the gun the defendant had used in committing a murder and a robbery did not constitute interrogation because the dialogue invited no response from the defendant. *Id.* at 291-92.

Unlike the officers' dialogue in *Innis*, the officer's statement in this case was directed at Arenas and was in reference to their earlier conversation. Upon arresting Arenas, the officer asked Arenas if he had anything on him and Arenas responded, "No." The officer conducted a

5

search incident to arrest and testified he "felt a familiar object" in Arenas' pant pocket. Before removing the object from Arenas' pocket, the officer said, "I thought you said you had nothing on you, dude." Arenas responded by saying the object was a "meth pipe." The officer then removed the object and confirmed it was a pipe. Because Arenas previously denied having anything on his person, the officer should have known that his statement was reasonably likely to elicit an incriminating response from Arenas. Accordingly, the district court erred in not suppressing Arenas' statement because the statement was obtained in violation of *Miranda*.

## IV.

## CONCLUSION

For the reasons set forth above, the district court correctly denied Arenas' claims in his motion to suppress with the exception of Arenas' statement regarding the pipe. As to that statement, because Arenas was subjected to custodial interrogation in violation of his *Miranda* rights, we reverse the district court's denial. We therefore, affirm in part and reverse in part the order denying the motion to suppress, and remand the case to the district court for proceedings consistent with this opinion.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.