**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44352**

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 423 |
| | ) |
| Plaintiff-Respondent, | ) Filed: March 30, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| CATHERINE HELEN PRUETT, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael Reardon, District Judge.

Appeal from the order revoking probation, <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

————————————————————

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

————————————————————

PER CURIAM

Catherine Helen Pruett entered an *Alford*[1] plea to felony possession of a controlled substance, Idaho Code § 37-2732(c). The district court entered a withheld judgment and placed Pruett on probation. Subsequently, Pruett admitted to violating the terms of probation and the district court revoked the withheld judgment and probation and entered a unified five-year sentence, with one year determinate, but retained jurisdiction probation. Pruett filed an Idaho Criminal Rule 35 motion which the district court denied.[2] Pruett appeals, contending that the district court abused its discretion in revoking probation rather than placing Pruett on probation.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).
[2]     Pruett does not appeal from the denial of her Idaho Criminal Rule 35 motion.

After Pruett filed her appeal, the district court suspended Ms. Pruett's sentence and placed her back on probation. On appeal, "mindful of the fact that the district court has since placed her back on probation," Pruett continues to assert that the district court erred in revoking probation and retaining jurisdiction.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Pruett has requested on appeal cannot be granted because Pruett has been placed back on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, Pruett's appeal from the order revoking probation is dismissed.