**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45044**

| | |
|---|---|
| PRESTON ADAM JOY, | ) |
| | ) Filed: October 5, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Preston Adam Joy appeals the district court's judgment summarily dismissing his amended petition for post-conviction relief. Joy argues the district court erred in dismissing his ineffective assistance of counsel claims and his claim of judicial bias. For the reasons provided below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Joy and his wife were involved in a domestic dispute. The incident led the State to charge Joy with second degree kidnapping, domestic battery, and penetration by a foreign object. After a jury trial, in which two attorneys represented Joy, the jury was hung on the second degree kidnapping charge but found Joy guilty of felony domestic battery and not guilty of penetration by a foreign object. Thereafter, Joy entered a conditional guilty plea to second degree

1

kidnapping, reserving the right to appeal the court's pretrial, trial, and post-trial rulings. The State stipulated to and the judge imposed concurrent sentences for kidnapping and domestic battery, with ten years determinate and a total of no more than fifteen years. *State v. Joy*, 155 Idaho 1, 6, 304 P.3d 276, 281 (2013). On appeal, the Idaho Supreme Court held the district court erred in admitting certain evidence, vacated Joy's judgment of conviction, and remanded the case for a new trial on the charges of domestic battery and kidnapping. *Id.* at 17, 304 P.3d at 292. Prior to the second trial, the State amended the information by removing the penetration by a foreign object charge. The amended information was otherwise identical to the information in the first trial.

Nearly a year after the judgment of conviction was vacated on appeal, Joy filed a "Request for Self-Recusal or in the Alternative Motion to Recuse for Cause." The district court denied the request as untimely, and the case proceeded to trial. After the second trial, the jury found Joy guilty of felony domestic battery and not guilty of second degree kidnapping. Joy was sentenced to a unified term of ten years, with nine years determinate. Joy timely appealed. On appeal, the Court of Appeals affirmed the judgment of conviction for domestic battery. *State v. Joy*, Docket No. 42166 (Ct. App. Nov. 13, 2015) (unpublished).

Six months later, Joy filed a post-conviction petition claiming he received ineffective assistance of counsel at his first trial, his second trial, and his second appeal and that he had been deprived of a fair and impartial judge. After being appointed counsel, Joy filed an amended petition containing eight claims for relief. As related to the first trial, Joy claimed ineffective assistance of counsel for (1) waiving Joy's right to a speedy trial against his express instructions ("Claim I"); (2) failing to challenge the sufficiency of the State's information ("Claim II"); (3) not subpoenaing witnesses and not being prepared for trial ("Claim III"); and (4) not disclosing co-counsel's relationship or their marriage, which affected their duties of loyalty to Joy ("Claim IV"). As related to his second trial, Joy claimed ineffective assistance of counsel[1] for (1) failing to assert Joy's right to a speedy trial and instead waiving that right ("Claim V"); and (2) failing to file a motion to disqualify the presiding judge immediately after the Idaho Supreme Court issued the remittitur vacating the judgment ("Claim VI"). As related to his second appeal, Joy claimed ineffective assistance of appellate counsel for conceding issues regarding a defective information ("Claim VII"). Last, Joy claimed he was deprived of a fair and

---

[1] New counsel represented Joy at his second trial.

2

impartial judge because the judge exhibited bias against Joy throughout the trial proceedings ("Claim VIII"). Joy also filed a motion to disqualify the district judge from the post-conviction proceedings, which was denied after argument. The State filed a motion to dismiss, arguing Claims I-IV were moot as Joy received a new trial. The State also argued Claims V-VIII failed to present any genuine issue of material fact and failed to show prejudice. The State filed a supplemental brief in support of its motion to dismiss, arguing Claims I-IV were untimely. After hearing argument, the district court summarily dismissed the petition. The district court ruled Claims I-IV, regarding Joy's counsel in the first trial, were untimely. The district court dismissed Claim V as moot and joined Claims VI and VIII, ruling that they were barred by res judicata and that there was no factual or legal basis for either claim. Last, the district court dismissed Claim VII as having no factual or legal basis. Joy timely appeals.

## II.

## ANALYSIS

On appeal, Joy only challenges the dismissal of Claims I, II, III, IV, VI, and the denial of his motion to disqualify based on judicial bias. Joy does not challenge the dismissal of Claims V, VII, and VIII. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, the dismissal of Claims V, VII, and VIII is affirmed.

### A. Summary Dismissal

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic

3

decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

4

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### 1. Claims I-IV

On appeal, the State concedes that Claims I-IV relating to the first trial were timely; however, the State argues that the claims are moot because Joy received a new trial following his first appeal. Joy responds that the remedy for Claims I and IV would be dismissal, not a new trial, and therefore Claim I and Claim IV are not moot.

Though the district court did not rule that Claims I-IV were moot, the State argued such in its motion to dismiss. A case becomes moot when the issues presented are no longer live or

5

the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010).

In Claim I, Joy asserts that his counsel was ineffective for failing to assert and instead waiving his speedy trial right. Joy contends that if his speedy trial right had not been waived by counsel, a successful assertion of the right would result in dismissal. Joy provides no authority or argument to support this assertion. A party waives an issue on appeal if either authority or argument is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Accordingly, the district court's dismissal of Claim I is affirmed.

Regarding Claims II (failure to challenge the sufficiency of the information) and III (failure to subpoena witnesses and inadequate trial preparation), the only relief Joy would have been entitled to would be a new trial, which Joy received after his first appeal. Therefore, any judicial relief from this Court would have no effect on either party regarding Claims II and III. *See Barclay*, 149 Idaho at 8, 232 P.3d at 329. An appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990). Accordingly, the dismissal of Claims II and III is affirmed.

As to Claim IV, Joy alleged he received ineffective assistance of counsel at the first trial because co-counsel's relationship or marriage was not disclosed, which created a conflict of interest and affected both counsel's duties of loyalty to Joy. In his reply brief, Joy argues that had he been successful on this claim, the correct remedy is dismissal. Joy has provided no authority to support his assertion that the correct remedy for the alleged conflicted counsel is dismissal. A party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Even assuming Joy could demonstrate his attorneys during his first trial had a conflict due to their personal relationship, the appropriate remedy is a new trial with substitute counsel. *Wood v. Georgia*, 450 U.S. 261, 273-74 (1981) (case remanded with instructions that if an actual conflict was found, a new hearing be conducted with counsel

6

untainted by conflicted interests). Because Joy received a new trial with new counsel, Claim IV is moot. Therefore, Claim IV was properly dismissed albeit under an erroneous theory. An appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *Bagley*, 117 Idaho at 1093, 793 P.2d at 1265. Accordingly, the dismissal of Claim IV is affirmed.

### 2. Claim VI

In Claim VI, Joy argues his counsel was ineffective for failing to file a motion to disqualify the judge following remand from the Idaho Supreme Court prior to his second trial. Claim IV is predicated on Idaho Criminal Rule 25(a)(5), which grants one disqualification of a judge for every defendant in a criminal prosecution, provided the defendant files a timely motion. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

The State agrees that had Joy's counsel timely filed a motion to disqualify without cause, "success [would have been] assured," and thus counsel's failure to file the motion is sufficient to make a prima facie case of deficient performance. The State, however, argues that Joy failed to demonstrate that the outcome of the trial would have been different had counsel filed a timely motion to disqualify the district judge. In response, Joy argues he was not required to show prejudice because "if counsel had filed a timely motion and if [the district judge] had denied the motion, the Idaho Supreme Court would have reversed on direct appeal regardless whether [] Joy could show prejudice." Therefore, Joy contends, the right to disqualify should be deemed structural in nature, and structural error "is not readily susceptible to a prejudice analysis." In support thereof, Joy argues his case is analogous to three cases which, even if binding on this Court, dealt with deprivation of a constitutional right through waivers caused by counsel's deficiencies rather than a right conferred by rule. *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985) (right to trial); *State v. Keller*, 760 N.W. 2d 451, 453 (Iowa 2009) (trial by jury); *Commonwealth v. Mallory*, 941 A.2d 686, 700-01 (Pa. 2008) (trial by jury). Notably, the right to disqualify a

judge without cause is conferred by court rule; it is not a constitutional right. Therefore, contrary to Joy's argument, in order to prove prejudice under *Strickland*, Joy was required to show more than mere success of the motion. He was required to demonstrate that, but for his counsel's failure to file the motion to disqualify the judge, the outcome of the trial would have been different.

Further, Joy argues that if the court requires a showing of prejudice, it is essentially proven because the outcome would obviously be different in that he would have had a different judge. Joy contends that the prejudice required under *Strickland* applies to the stage at which the deficient performance occurred. Therefore, Joy argues, since the stage at which the deficiency occurred was at the stage of judge selection or exclusion, prejudice is shown because had the motion been granted, a new judge would have been appointed. Thus, the "outcome" of that stage would not be the same. This argument is unpersuasive. As stated earlier, to establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. Joy has made no attempt at showing that there was a reasonable probability that if his counsel had filed a motion to disqualify the judge, it would have resulted in a different outcome at trial.

Finally, Joy argues that we should "focus on the reliability of the proceeding and not on the likelihood of an acquittal" when evaluating the prejudice prong. Joy relies on a Florida case, *Thompson v. State*, 990 So. 2d 482 (Fla. 2008), to support the proposition that this Court "should have enough of a concern" based on the reasons provided "that it should not have confidence in the fairness and reliability of the second trial and sentencing" and that "at the very least, it is reasonably probable that a different judge would not have sentenced Joy to the maximum sentence of 10 years for this charge, with parole eligibility only one year before completion." We decline to adopt the holding from Florida. The requirement to meet the second prong of the *Strickland* test is clear in Idaho: to establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

Joy was found guilty at his second trial by a jury, and that conviction was upheld on appeal. Joy has not provided any showing that, had his counsel filed a timely motion to

8

disqualify, the outcome of the trial would have been different. Therefore, Joy has failed to show prejudice as to Claim VI.

## B.     Judicial Bias

Joy argues the district judge erred in not disqualifying himself from the post-conviction proceedings because he exhibited a pattern and record of one-sided rulings and errors in the first trial. The alleged one-sided rulings and errors included those noted by the Idaho Supreme Court in Joy's first appeal as well as imposition of the maximum sentence, comments on the record expressing incredulity when the sentence was challenged, a chastising reversal on direct appeal, comments urging the filing of an Information Part II after the State withdrew it, a failure to observe Joy's desire to retain his speedy trial rights, and denial of a previous motion seeking disqualification for bias. The State argues that the district judge properly denied Joy's motion for disqualification under the doctrine of res judicata. Joy does not challenge this basis for dismissal. The State also argues the district judge did not abuse his discretion in determining that he was capable of performing the legal analysis required.[2]

Pursuant to Idaho Rule of Civil Procedure 40(b), a motion to disqualify a judge may be made on the ground that "the judge is biased or prejudiced for or against any party or the subject matter of the action." A judge's determination that disqualification is not necessary will be disturbed on appeal only if it constitutes an abuse of discretion. *Martinez v. State*, 126 Idaho 813, 815, 892 P.2d 488, 490 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr.*, *Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

A party may move to disqualify a judge from presiding on the grounds of bias. I.R.C.P. 40(b)(1)(D). An affidavit stating distinctly the grounds upon which disqualification is based and the facts relied upon in support of the motion must accompany the motion. I.R.C.P. 40(b)(2). Whatever the source of the bias or prejudice, it must be so extreme as to

---

[2]     The State also argues that the motion to disqualify was deficient because it lacked an affidavit. This deficiency was not a ground for denial relied on by the district court. Because we conclude the district court did not abuse its discretion in denying Joy's motion to disqualify, we need not address this argument further.

display clear inability to render fair judgment. *Bach v. Bagley*, 148 Idaho 784, 791-92, 229 P.3d 1146, 1153-54 (2010). Unless there is a demonstration of pervasive bias derived from either an extrajudicial source or facts and events occurring at trial, there is no basis for judicial recusal. *Id.* at 792, 229 P.3d at 1154. The standard for recusal of a judge, based simply on information that the judge has learned in the course of judicial proceedings, is extremely high. *Id.* When a trial judge presides over both the criminal trial and subsequent post-conviction proceedings, the judge "is not required to erase from his mind all that has gone before." *State v. Beam*, 115 Idaho 208, 215, 766 P.2d 678, 685 (1988). Rather, the trial judge need only conclude that he can properly perform the legal analysis which the law requires of him, recognizing that he has already pre-judged the case and has formed strong and lasting opinions regarding the worth of the defendant and the sentence that ought to be imposed to punish the defendant and protect society. *Id.*

After hearing argument and considering the documents submitted in support of the motion to disqualify, the district judge ruled there was no factual support and that the number of objections granted versus the number of objections sustained was irrelevant to whether a judge is biased. In so ruling, the district court correctly perceived the issue of disqualification to be one of discretion. The court correctly identified and applied the applicable legal standards, determining that it could properly perform the legal analysis that was required in Joy's post-conviction proceedings. Finally, the court reached its decision by an exercise of reason.

Joy has not pointed to any evidence of pervasive bias. Rather, the record shows that the trial judge made several erroneous rulings in the first trial, which resulted in a reversal on appeal; made various rulings in the second trial, which were upheld in the second appeal; and considered the relevant factors in imposing a sentence that was within the sentencing guidelines. Any specific statements Joy pinpoints did not demonstrate the judge was biased or prejudiced against Joy in a way that demonstrated the judge was incapable of performing the legal analysis which the law required. Moreover, erroneous rulings that are overturned on appeal do not alone demonstrate pervasive bias. The record reflects that the judge considered the information presented in support of and against the motion to disqualify, evaluated it, and determined that he was capable of performing the legal task before him. Therefore, the district court did not abuse its discretion in denying Joy's motion to disqualify. Because we conclude the district court did not abuse its discretion in denying the motion to disqualify, we need not address the issue of res judicata.

## III.

## CONCLUSION

The district court erred in ruling Claims I-IV were untimely; however, as to Claim I, Joy did not provide argument or authority in support of his assertion that the correct remedy regarding the unauthorized waiver of his speedy trial rights in his first trial is dismissal. Therefore, Claim I for ineffective assistance of counsel is waived on appeal. Claims II, III, and IV for ineffective assistance of counsel in the first trial are moot because Joy received a new trial. Therefore, the district court did not err in summarily dismissing Claims II, III, and IV. Joy has failed to demonstrate prejudice resulting from counsel's failure in his second trial to file a motion to disqualify the judge. Therefore, the district court did not err in dismissing Claim VI. The district court did not abuse its discretion in determining that it was capable of performing the requisite legal analysis required by law in presiding over the post-conviction case after presiding over the two previous trials. Accordingly, the district court's judgment summarily dismissing Joy's post-conviction petition is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.