# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 46049/46050

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

TONNA LAREE FUNDERBURG,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 5, 2019

Karel A. Lehrman, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Gregory FitzMaurice, District Judge.

Appeal from order revoking probation, dismissed; judgment of conviction and suspended unified sentence of four years with two years determinate for possession of methamphetamine and misdemeanor driving under the influence of alcohol and suspended unified sentences of three years with one and one-half years determinate for unlawful possession of a firearm and felony driving under the influence of drugs or other intoxicating substances, with all sentences running concurrently, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

In Docket No. 46049, Tonna Laree Funderburg pled guilty to possession of methamphetamine (Idaho Code § 37-2732(c)(1)), misdemeanor driving under the influence of alcohol (I.C. § 18-8004), and possession of drug paraphernalia (I.C. § 37-2734A(1)). The district court dismissed the charge of possession of drug paraphernalia, imposed a unified sentence of

1

four years with two and one-half years determinate, suspended the sentence and placed Funderburg on probation. In Docket No. 46050, Funderburg admitted to violating her probation and pled guilty to unlawful possession of a firearm (I.C. § 18-3316) and felony driving under the influence of drugs or other intoxicating substances (I.C. §§ 18-8004, 18-8005(6)). Pursuant to a plea agreement, the parties agreed to jointly recommend concurrent unified sentences of five years with two and one-half years determinate for both offenses in Docket No. 46050, to run concurrently with the sentence in Docket No. 46049. The district court imposed concurrent unified sentences of three years with one and one-half years determinate for each offense in Docket No. 46050, revoked Funderburg's probation in Docket No. 46049, and retained jurisdiction in both cases. Following completion of retained jurisdiction, Funderburg was placed back on probation. Funderburg filed notices of appeal from both the judgment of conviction in Docket No. 46050 and the order revoking probation in Docket No. 46049.

Although Funderburg received lesser sentences in Docket No. 46050 than she asked for, Funderburg asserts that the district court erred in imposing excessive sentences. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). Therefore, because Funderburg received lesser sentences than requested, she may not complain that the district court abused its discretion.

On appeal, mindful that the district court has placed her back on probation, Funderburg continues to assert that the district court erred in revoking probation in Docket No. 46049. A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue

raises concerns of substantial public interest.  *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010).  The only relief Funderburg has requested on appeal cannot be granted because Funderburg has been placed back on probation.  Therefore, any judicial relief from this Court would have no effect on either party.  *See id.*

Accordingly, Funderburg's judgment of conviction and sentences in Docket No. 46050 are affirmed.  The appeal from the order revoking probation in Docket No. 46049 is dismissed.