# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36237

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | Wallace, April 2010 Term |
| Respondent, | ) | |
| v. | ) | 2010 Opinion No. 45 |
| ALEXANDER BARCLAY, III, | ) | Filed: April 23, 2010 |
| Appellant. | ) | Stephen W. Kenyon, Clerk |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Honorable John T. Mitchell, District Judge.

Court of Appeals opinion is <u>vacated</u> and the appeal is <u>dismissed</u>.

Amendola & Doty, PLLC, Coeur d'Alene, for appellant. Gary I. Amendola argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Jessica M. Lorello argued.

J. JONES, Justice.

The State of Idaho petitioned this Court for review of the opinion of the Court of Appeals determining that it had jurisdiction to hear Alexander Barclay, III's challenge to the validity of his sentence. Because Barclay has already served his sentence, we vacate the Court of Appeal's opinion and dismiss the appeal.

## I.

Barclay was arrested when officers responded to an alleged domestic dispute at his home. Barclay's wife reported that Barclay grabbed her and pushed her as she was attempting to leave the home after an argument. When officers arrived, she told them that Barclay was attempting to dispose of marijuana by flushing it down the toilet. Barclay admitted to officers that he was attempting to dispose of marijuana, but refused to consent to a search of his bedroom or car. Barclay's wife removed several marijuana pipes, methamphetamine pipes, and baggies containing marijuana and methamphetamine from Barclay's car and bedroom and turned them over to police.

1

Barclay was charged with domestic battery, destruction of evidence, possession of marijuana, possession of drug paraphernalia, and possession of methamphetamine. Barclay entered a guilty plea to possession of methamphetamine under Idaho Code section 37-2732 and the remaining charges were dismissed. The district court withheld judgment and placed Barclay on probation. After less than two months, Barclay violated several terms of his probation, including failing drug tests for marijuana and methamphetamine and committing a burglary. Barclay pleaded guilty to the burglary charge and the two cases were consolidated for sentencing. The district court revoked Barclay's probation, set aside his withheld judgment, and sentenced him to a four year unified prison term with a minimum confinement of two years for possession of methamphetamine.[1] The district court, however, retained jurisdiction and sent Barclay on a rider to the North Idaho Correctional Institution (NICI).

Near the end of the retained jurisdiction period, the staff at the NICI recommended relinquishing jurisdiction. The district court found that Barclay had not received the recommended substance abuse treatment, nor had he provided a plan detailing steps he would take for the successful completion of probation. As a result, the district court ordered a second period of retained jurisdiction. At the end of the second period, the NICI staff again recommended that the district court relinquish jurisdiction. The district court did so and Barclay appealed.

Before the Court of Appeals, Barclay argued that the district court abused its discretion in relinquishing jurisdiction and imposing the underlying sentence because it impermissibly considered Barclay's de minimis violation of a no-contact order imposed by the district court and his refusal to admit wrongdoing as a result of his continued drug use. The State argued that the Court of Appeals was without jurisdiction to hear the appeal because Barclay's notice of appeal was not timely. The State contended that the district court did not have the authority to impose a second, consecutive period of retained jurisdiction without an intervening period of probation, and, as a result, that Barclay was required to file a notice of appeal within forty-two days of the first order relinquishing jurisdiction in order to perfect a timely appeal under Idaho Appellate Rule (I.A.R.) 14. The Court of Appeals agreed that the district court did not have authority to order a second, consecutive period of retained jurisdiction without an intervening period of probation, but found that this lack of authority did not render Barclay's appeal untimely. The Court of Appeals

---

[1] Barclay was also sentenced to a six-month determinate term for burglary, to be served concurrently with his sentence for possession of methamphetamine. This sentence is not challenged on appeal.

also found that the district court did not abuse its discretion in relinquishing jurisdiction or in imposing the underlying sentence and affirmed Barclay's sentence. The State then petitioned this Court for review based on the Court of Appeals' ruling on the jurisdictional issue. Barclay now argues that the case is moot because he has already served his sentence.

## II.

Because we find the issue presented by the State to be moot, we decline to address the State's jurisdictional challenge on appeal.

## A.

A petition for review of a decision of the Court of Appeals will only be granted "when there are special and important reasons" for review. Idaho App. R. 118(b). When this Court reviews a case previously decided by the Court of Appeals, "this Court grants serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *In re Doe*, 144 Idaho 819, 821, 172 P.3d 1094, 1096 (2007). Justiciability issues, such as mootness, are freely reviewed. *State v. Manley*, 142 Idaho 338, 342, 127 P.3d 954, 958 (2005).

## B.

Barclay argues that review should not have been granted in this case because he has already served his prison term and the issues presented on appeal are now moot. "An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded" by judicial relief. *Koch v. Canyon County*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008) (quoting *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851, 119 P.3d 624, 626 (2005)). Even where a question is moot, there are three exceptions to the mootness doctrine: "(1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest." *Id.* (quoting *Ameritel Inns*, 141 Idaho at 851–52, 119 P.3d at 626–27).

Unless saved by an exception, the issue presented by the State on rehearing is moot. Because Barclay has served his term, and his appeal on the length of his sentence was denied by the Court of Appeals, any judicial relief from this Court would simply create precedent for future cases and would have no effect on either party. Consequently, the issue presented by the State on appeal must fall within one of the exceptions listed above in order to be addressed by this Court.

The State's jurisdictional challenge does not fall under any exception to the mootness doctrine. Under the first exception, this Court examines the collateral consequences imposed on the party raising the issue; in this case, the State. The State argues that it will suffer collateral legal consequences because it will be forced to litigate the jurisdictional issue in future cases. Potential relitigation of an undecided issue is not the type of collateral consequence contemplated under this exception. In effect, the State is asking this Court to issue an advisory opinion in order to avoid the issue in future cases; an exercise this Court will not undertake.

Turning to the second exception, the State argues that even though it may be required to pursue the issue in future cases, there is a possibility that the issue could evade review. Other than pointing to one other case where review was avoided by voluntary dismissal, the State makes no showing of why the issue will evade review. Normally, when presented with sentencing issues, the appellant is incarcerated for a substantial period of time, and is still incarcerated at the time the appeal reaches this Court. Thus, although the issue presented in this matter is capable of repetition, it will not evade review because in most cases the offender is still incarcerated at the time of review. Further, given the number of sentencing appeals presented to this Court and the Court of Appeals, it seems quite likely that this issue will be presented again in a context in which there is still a live controversy.

The State's only argument concerning the public interest exception is that the Court of Appeals' opinion creates confusion in the law and future defendants may rely on that opinion's precedential value to their prejudice in future cases. Because of the potential for confusion, the State contends that we should issue an advisory opinion and definitively decide the issue. We decline to accept the State's invitation to issue an advisory opinion, but we do find the potential precedent set by the Court of Appeals' opinion to be problematic. Thus, we must consider whether it is equitable to vacate the decision of the Court of Appeals in this matter.

Although the issue has never previously been addressed by this Court, where a criminal appeal is rendered moot through no fault of the party seeking review, the intermediate appellate court opinion should be vacated in order to avoid prejudice to that party. *See State v. Boyle*, 949 A.2d 460, 468 (Conn. 2008) (holding that an intermediate appellate court opinion should be vacated because the case was moot and the strict statutory construction in the opinion could be prejudicial to the state in future cases); *see also Moon v. Inv. Bd. of State of Idaho*, 102 Idaho 131, 131, 627 P.2d 310, 310 (1981) (holding that vacatur of a civil case because of mootness

4

"clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision . . . ." (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950))). This appeal was rendered moot through no fault of the State when Barclay completed his sentence. As a result, if the Court of Appeals' opinion is not vacated, the State will be bound by that opinion without a meaningful opportunity for review by this Court. Thus, the opinion of the Court of Appeals is vacated. Because the opinion is vacated, it lacks precedential value and will not prejudice future parties. Accordingly, the issue presented does not fall within the public interest exception.

### III.

Because we find the issue presented to be moot and not within any exception to the mootness doctrine, the decision of the Court of Appeals is vacated and the appeal is dismissed.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON CONCUR.