**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40136**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 416 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 27, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DARYLE R. ANDERSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Benjamin R. Simpson, District Judge.

Appeal from order revoking probation, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Daryle R. Anderson pled guilty to felony driving under the influence. I.C. §§ 18-4004C and 18-8005(5). The district court imposed a unified five-year sentence, with a two-year determinate term, but retained jurisdiction. Following successful completion of his rider, the district court suspended the sentence and placed Anderson on probation. Anderson violated the terms of his probation. The district court revoked probation, imposed county jail time of 273 days, and granted Anderson credit for time served. Anderson appealed. Subsequently, while this appeal was pending, Anderson completed his sentence and has been discharged from custody. On appeal, Anderson does not challenge the district court's decision to revoke probation and acknowledges his appeal is now moot, but continues to assert that the district court erred in ordering incarceration.

1

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Anderson has requested on appeal cannot be granted because Anderson has served his term. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, Anderson's appeal from the order revoking probation is dismissed.