# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41536

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 708 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 2, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DEYLEN SCOTT LOOS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Appeal from order revoking probation, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Deylen Scott Loos pled guilty to possession of a controlled substance with intent to deliver. I.C. § 37-2732(a). The district court imposed a unified five-year sentence, with a two-year determinate term; suspended the sentence; and placed Loos on probation. Subsequently, Loos twice admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. However, the district court twice retained jurisdiction. Loos appealed. While this appeal was pending, Loos completed his rider and has been reinstated on probation. On appeal, Loos acknowledges that he has been placed back on probation, but argues that the district court's decision to revoke probation was error. The state asserts that, because Loos is on probation and that is the relief he seeks, his appeal is moot and should be dismissed.

1

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Loos has requested on appeal cannot be granted because Loos is currently on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, Loos's appeal from the order revoking probation is dismissed.