## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 43428

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 394 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 16, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ARNOLD GENE SORRELLS, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Appeal from order revoking probation, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Arnold Gene Sorrells Jr. pleaded guilty to grand theft, felony, Idaho Code § 18-2407(1). The district court imposed a unified three-year sentence, with one year determinate. The district court placed Sorrells on probation. Subsequently, Sorrells admitted to violating the terms of the probation, and the district court consequently revoked probation, ordered execution of the original sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district judge placed Sorrells on probation. On appeal, "mindful that the district court has placed him back on probation," Sorrells continues to assert that the district court erred in revoking probation.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982);

1

*Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Sorrells has requested on appeal cannot be granted because Sorrells has been placed back on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, Sorrells' appeal from the order revoking probation is dismissed.