# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43240

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 519 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 4, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NATHAN WIEBELHAUS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Appeal from order revoking probation, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

Nathan Wiebelhaus pled guilty to possession of heroin, Idaho Code § 37-2732(c)(1). The district court sentenced Wiebelhaus to a unified term of seven years, with a minimum period of confinement of two years. However, the district court suspended the sentence and placed Wiebelhaus on probation. Thereafter, Wiebelhaus admitted to violating the terms of his probation. The district court revoked probation, but retained jurisdiction and sent Wiebelhaus to participate in the rider program. Wiebelhaus appealed. While this appeal was pending, Wiebelhaus successfully completed his retained jurisdiction. The district court again suspended Wiebelhaus's sentence and placed him on probation. On appeal, "mindful that [Wiebelhaus]

1

admitted to violating his probation, requested a period of retained jurisdiction, and is currently on probation," Wiebelhaus continues to assert that the district court erred in revoking probation and retaining jurisdiction.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Wiebelhaus has requested on appeal cannot be granted because Wiebelhaus has been placed back on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, Wiebelhaus's appeal from the order revoking probation is dismissed.