**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43924**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | **2016 Unpublished Opinion No. 655** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 24, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| LUCOUS L. INMAN, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Richard S. Christensen, District Judge.

Appeal from order revoking probation, <u>dismissed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Lucous L. Inman pled guilty to burglary, Idaho Code § 18-1401. The district court imposed a unified sentence of four years, with a minimum period of confinement of one year, suspended the sentence and placed Inman on supervised probation. Subsequently, Inman admitted to violating several terms of his probation, and the district court revoked probation, ordered execution of the underlying sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the sentence and placed Inman on probation. On appeal, "mindful of the fact that he has been subsequently returned to probation," Inman continues to assert that the district court erred in revoking probation and retaining jurisdiction.

1

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Inman has requested on appeal cannot be granted because Inman has been placed back on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, Inman's appeal from the order revoking probation is dismissed.