**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44292**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2017 Unpublished Opinion No. 336** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: January 27, 2017** |
| | ) |
| v. | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **DEREK J. SANDERS,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Appeal dismissed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In 2012, Derek J. Sanders pled guilty to felony destruction or concealment of evidence, Idaho Code § 18-2603. The district court imposed a unified sentence of five years, with one and one-half years determinate, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended Sanders' sentence and placed him on probation for four years. However, Sanders remained incarcerated for about three more years in an unrelated case. After being released, a report of probation and parole violation was filed. Sanders thereafter filed a brief requesting that he be discharged from probation, which request the district court denied. Sanders then filed a motion to reconsider, which the district court also denied. Sanders filed a notice of appeal. After Sanders filed a second motion to reconsider, the district judge

1

recused himself and reassigned the case. After a hearing, the new district judge granted Sanders' motion for reconsideration and terminated his probation.

On appeal, "mindful of the fact that he has since been discharged from probation and deemed to have served the sentence in this case," Sanders nevertheless asserts that the district court abused its discretion by denying his initial motion for discharge from probation. The issue Sanders raises is moot as Sanders acknowledges the district court has already discharged him from probation.

Although the district court denied Sanders' initial motion for discharge from probation, the case was subsequently reassigned to a different judge who granted the motion to reconsider and discharged him from probation. An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded by judicial relief. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). Therefore, this appeal is dismissed.