**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45186**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 422 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 11, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| LENNY O'RILEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Appeal from order revoking probation and executing sentence, <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Lenny O'Riley pleaded guilty to misdemeanor petit theft, Idaho Code § 18-2403(1). The district court placed O'Riley on probation for a term of two years and imposed 365 days jail, with 187 days suspended, and credit for 118 days served. Subsequently, O'Riley admitted to violating the terms of his probation. At the probation violation disposition hearing, O'Riley's counsel motioned for the district court to reduce O'Riley's sentence pursuant to Idaho Criminal Rule 35 to a 180-day sentence. The district court revoked O'Riley's probation and ordered execution of the original sentence without a reduction in sentence. On appeal, O'Riley does not challenge the district court's decision to revoke probation, but argues only that the district court erred when it did not reduce O'Riley's sentence. "Mindful of the fact that his sentence has

1

already been served," O'Riley continues to assert that the district court erred in revoking probation and executing the underlying sentence.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief O'Riley has requested on appeal cannot be granted because O'Riley has served his sentence. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, O'Riley's appeal from the order revoking probation is dismissed.