**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45283**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 442 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 4, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| KORY LEU ZIELKE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Appeal from order revoking probation, <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

Kory Leu Zielke pleaded guilty to possession of forged notes, bank bills, or check. Idaho Code § 18-3605. The district court imposed a unified four-year sentence, with two years determinate, suspended the sentence, and placed Zielke on probation. Zielke admitted to violating the terms of his probation on two occasions and in each instance, the district court granted Zielke credit for time served and continued his probation. Subsequently, Zielke admitted to violating the terms of his probation a third time. The district court offered Zielke the option of nine months of jail to complete his sentence or a retained jurisdiction. Zielke chose to serve nine months of jail. The district court ordered Zielke to serve nine months of jail time. Upon Zielke's Idaho Criminal Rule 35 motion, the district court reduced Zielke's sentence by two months. The

1

district court also issued an order granting good time to Zielke for five days off of each month of his sentence. Zielke has since served his jail sentence and been released. On appeal, mindful that he "requested jail time and that he has been discharged from custody," Zielke continues to assert that the district court abused its discretion in revoking probation.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Zielke has requested on appeal cannot be granted because Zielke has satisfied his sentence. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Therefore, because he has served his sentence, Zielke's appeal from the order revoking probation is dismissed.