# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45923

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

MICHAEL SCOTT SMITH,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 12, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Appeal from judgment of conviction and suspended, unified sentence of ten years with four years determinate for felony driving under the influence of alcohol, dismissed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

      Michael Scott Smith was found guilty of felony driving under the influence of alcohol, Idaho Code § 18-8004. The district court imposed a unified sentence of ten years with four years determinate, but after a period of retained jurisdiction, suspended the sentence and placed Smith on supervised probation. On appeal, "[m]indful that he has since been placed on supervised probation," Smith asserts that the district court erred in retaining jurisdiction rather than placing him immediately on probation.

1

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Smith has requested on appeal cannot be granted because Smith has been placed on supervised probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id.* Accordingly, Smith's appeal is dismissed.