# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50115

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 22, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSE GABRIEL CASTILLO, JR., | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Brent L. Whiting, District Judge.

Appeal from judgment of conviction and unified sentence of 180 days in jail for misdemeanor domestic battery, <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

———————————————————————

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

———————————————————————

PER CURIAM

Jose Gabriel Castillo, Jr. was found guilty of misdemeanor domestic battery. I.C. § 18-918(3)(b). At sentencing, the district court indicated it would sentence Castillo to 180 days in jail, with 160 days suspended, and two years' probation. Castillo rejected the offer of probation and requested imposition of his jail sentence. The district court sentenced Castillo to 180 days in jail with an option of work release. Castillo appeals, arguing that his sentence is excessive but acknowledges that his appeal is now moot.

1

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The relief Castillo has requested on appeal cannot be granted because he has served his sentence. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Therefore, Castillo's appeal from his judgment of conviction and sentence is dismissed.