# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50071

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

WENDY JEAN ROSCO,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: October 26, 2023

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A Buchanan, District Judge.

Appeal from order withholding judgment and sentence of ten days in jail for grand theft, <u>dismissed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

    Wendy Dean Rosco was found guilty of grand theft. I.C. § 18-2403(1). The district court withheld judgment and sentenced Rosco to a term of ten days in jail, with credit for time served of two days, and placed her on unsupervised probation for one year. Rosco appealed. Subsequently, while this appeal was pending, Rosco completed her jail sentence. On appeal, Rosco continues to assert that the district court erred in ordering incarceration.

    A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw*

*v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The relief Rosco has requested on appeal cannot be granted because she has served her sentence. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, Rosco's appeal from the order withholding judgment and her sentence is dismissed.