# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50228

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 15, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TANIS SARKIS MYLER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Johnathan Medema, District Judge.

Appeal from order extending probation, executing judgment, and commuting sentence, <u>dismissed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Tanis Sarkis Myler pled guilty to burglary. I.C. § 18-1401. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Myler to a unified term of three years, with a minimum period of confinement of one year. However, the district court suspended the sentence and placed Myler on probation. Myler violated the terms of his probation several times, but the district court always reinstated probation. Myler appealed. Subsequently, while this appeal was pending, the district court revoked Myler's probation, ordered execution of his original sentence, and then commuted his sentence to time already served. On appeal, Myler acknowledges

1

that his appeal is now moot but continues to assert that the district court erred in extending his probation.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The relief Myler has requested on appeal cannot be granted because his sentence has been commuted. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, Myler's appeal from the order extending probation, executing judgment, and commuting sentence is dismissed.