**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51945**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>TRAVIS JOSEPH CLAYTON,<br><br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed: July 16, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge.

Appeal from judgment revoking probation, underline dismissed as moot.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Travis Joseph Clayton pled guilty to felony driving under the influence, Idaho Code § 18-8004. In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified term of four years with two years determinate, but after a period of retained jurisdiction, suspended the sentence and placed Clayton on probation. Subsequently, Clayton admitted to violating the terms of the probation, the district court consequently revoked probation, imposed his underlying sentence, and placed Clayton on retained jurisdiction. Following the second period of retained jurisdiction, the district court placed Clayton back on probation. Clayton appeals, contending that the district court abused its discretion by retaining jurisdiction and failing to reinstate his probation. The State filed a motion to augment with an order that reflects the

1

district court placed Clayton on probation after his rider. Clayton filed a reply acknowledging that the district court placed him on probation after he filed his appellant's brief in this case.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Clayton has requested on appeal cannot be granted because Clayton has been placed back on probation. Therefore, any judicial relief from this Court would have no effect on either party.

Accordingly, Clayton's appeal from the judgment revoking probation is dismissed.