# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52500

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 21, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SOFIA MARIA ROMERO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Appeal from judgments of conviction and concurrent, unified sentences of 180 days for misdemeanor injury to a child and disturbing the peace, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Sofia Maria Romero entered *Alford*[1] pleas to amended charges of misdemeanor injury to a child, I.C. § 18-1501(2), and disturbing the peace, I.C. § 18-6409. The district court sentenced Romero to concurrent, unified terms of 180 days in jail. Mindful that she has fully served her sentences, Romero appeals and argues that her sentences are excessive.

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The relief Romero has requested on appeal cannot be granted because she has been already served her sentences. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Therefore, the appeal from Romero's judgments of conviction and sentences are dismissed.