**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52240**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 24, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DYLAN JULIAN GERARD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Ned C. Williamson, District Judge.

Order revoking probation and retaining jurisdiction, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Dylan Julian Gerard pled guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of five years, with a minimum period of incarceration of three years, suspended the sentence and placed Gerard on a term of probation. Subsequently, Gerard admitted to violating one term of the probation, and following an evidentiary hearing, was found to have violated a second term of the probation. The district court revoked probation, ordered execution of the original sentence, and retained jurisdiction. Following a period of retained jurisdiction, the district court suspended the sentence and placed Gerard back on

1

probation. On appeal, mindful that he has been placed back on probation, Gerard continues to assert that the district court abused its discretion by revoking probation and retaining jurisdiction.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Gerard has requested on appeal cannot be granted because Gerard has already been placed back on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, the district court's order revoking probation and retaining jurisdiction is affirmed.