**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52115**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 30, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ZACHARY ORLYN WATERS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Appeal <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Mindful of the mootness doctrine and that he has fully served his sentence, Zachary Orlyn Waters appeals and argues that his sentence is excessive.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329

1

(2010).  The relief Waters has requested on appeal cannot be granted because he has already served his sentence.  Waters does not argue that any of the exceptions to the mootness doctrine are applicable.  Therefore, any judicial relief from this Court would have no effect on either party.  *See id*.

Therefore, the appeal from Waters' judgment of conviction and sentence is dismissed.