# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52765 & 52766

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: February 17, 2026** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| MICHAEL GLEN BEDARD, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Mark T. Monson, District Judge.

Appeals from judgments of conviction and concurrent unified sentences of seven years, with minimum periods of confinement of three years, for forgery and possession of a controlled substance, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In these consolidated appeals, Michael Glen Bedard pled guilty to forgery, I.C. § 18-3601, and possession of a controlled substance, I.C. § 37-2732(c)(1). In exchange for his guilty pleas, additional charges and other pending cases were dismissed. The district court sentenced Bedard to concurrent, unified terms of seven years, with minimum periods of confinement of three years. The district court retained jurisdiction and sent Bedard to participate in the rider program. Following completion of his rider, the district court suspended the sentences and placed Bedard on probation. Bedard appeals, arguing that the district court should have placed him on probation.

1

Mindful that Bedard has been placed on probation, he appeals and argues that the district court erred by not initially placing him on probation.[1]  A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991).  Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010).  The relief Bedard has requested on appeal cannot be granted because he is already on probation.  Thus, any judicial relief from this Court would have no effect on either party.  *See id*.

Therefore, the appeals from Bedard's judgments of conviction and sentences are dismissed.

---

[1]   Bedard also acknowledges that he received the underlying sentences that the parties agreed to in the plea agreement, so he cannot challenge the excessiveness of those sentences due to the invited error doctrine.