**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52579/52583**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>CHERYL ANN BOEHME,<br><br>      Defendant-Appellant. | **Filed: March 9, 2026**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Appeals from judgment of conviction and unified sentence of eight years, with a minimum period of confinement of four years, for possession of a controlled substance with the intent to deliver in Docket No. 52579, <u>dismissed</u>; judgment of conviction and concurrent unified sentence of five years, with a minimum period of confinement of three years, for introduction of contraband into a correctional facility in Docket No. 52583, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

    This case involves two consolidated appeals. In Docket No. 52579, Cheryl Ann Boehme entered an *Alford*[1] plea to an amended charge of possession of a controlled substance with the intent to deliver, Idaho Code § 37-2732(a)(1)(A). In Docket No. 52583, Boehme entered an *Alford* plea to introduction of contraband into a correctional facility, I.C. § 18-2510(3)(a). In exchange

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

for her guilty pleas, additional charges were dismissed including an allegation that she is a persistent violator. The district court sentenced Boehme to a unified term of eight years, with a minimum period of confinement of four years, for possession of a controlled substance with the intent to deliver and a concurrent unified term of five years, with a minimum period of confinement of three years, for introduction of contraband into a correctional facility, and the district court retained jurisdiction in both cases. Boehme filed an Idaho Criminal Rule 35 motion in each case, which the district court denied.[2] Mindful that she was later placed on probation, Boehme appeals, arguing that the district court's decision to retain jurisdiction instead of immediately placing her on probation is excessive and represents an abuse of the district court's discretion.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The relief Boehme has requested on appeal cannot be granted because she has already received the relief she is requesting on appeal--she has been placed on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id*.

The appeals from Boehme's judgments of conviction and sentences are dismissed.

---

[2]     On appeal, Boehme does not challenge the district court's denial of her Rule 35 motion for reduction of sentence in either case.