# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52497

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

CHARLES ARTHUR MOORE,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 19, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Appeal from order revoking probation, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

      Charles Arthur Moore entered an *Alford*[1] plea to intimidating a witness (Idaho Code § 18-2604).[2] In exchange for his guilty plea, the State agreed to dismiss a charge in Moore's other case. The district court sentenced Moore to a unified term of five years, with a minimum period of confinement of one year, however, the district court suspended the sentence and placed Moore on probation. Subsequently, the State filed a petition to revoke probation alleging Moore violated

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]    Moore also pled guilty to one misdemeanor charge; however, he does not challenge that conviction or sentence on appeal.

1

the terms of probation. Following an evidentiary hearing, the district court found Moore had violated the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentence but retained jurisdiction. Moore filed an Idaho Criminal Rule 35 motion, which the district court denied.[3] Following the period of retained jurisdiction, Moore was continued on probation. Mindful that he was later placed on probation, Moore appeals, contending that the district court abused its discretion when it revoked his probation and retained jurisdiction.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). Moore has already received the relief he is requesting on appeal--he has been placed on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id*.

Therefore, the appeal from the district court's order revoking probation is dismissed.

---

[3] On appeal, Moore does not challenge the district court's denial of his Rule 35 motion for reduction of sentence.