# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52775

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 6, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STACEY DEAN JAMES, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Stevan H. Thompson, District Judge.

Appeal from order revoking probation, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Stacey Dean James was found guilty of possession of a controlled substance. I.C. § 37-2732(c)(1). The district court sentenced James to a unified term of seven years, with a minimum period of confinement of four years; suspended the sentence; and placed James on probation. Subsequently, James admitted to violating some of the terms of his probation, and the district court revoked probation and ordered execution of James' sentence. However, the district court retained jurisdiction and sent James to participate in the rider program. James appealed. Following

1

completion of the rider, James' sentence was suspended and he was again placed on probation. On appeal, James argues the district court abused its discretion in revoking his probation.[1]

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The relief James has requested on appeal cannot be granted because she has been already served her sentences. Therefore, any judicial relief from this Court would have no effect on either party. *See id*.

Therefore, the appeal from the order revoking probation and directing execution of James's previously suspended sentence is dismissed.

---

[1] James was also found guilty of and sentenced for a misdemeanor. However, that judgment of conviction and sentence are not at issue in this appeal.