**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53043**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 1, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LARRY JOE MARTIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Appeal is <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Larry Joe Martin was convicted of possession of a controlled substance, Idaho Code § 37-2732(c)(1), and placed on probation with a unified sentence of five years with a minimum period of incarceration of two years. Subsequently, the district court found Martin violated his probation. The district court revoked Martin's probation and placed him in the retained jurisdiction program. Martin filed a notice of appeal claiming the district court abused its discretion by revoking his probation. Following the period of retained jurisdiction, the district court reinstated Martin's probation. Since Martin is currently on probation, this appeal is moot.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are

1

three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The relief Martin has requested on appeal cannot be granted because he is currently on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id*.

Therefore, this appeal is dismissed.