# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 45927/45928

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  May 6, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KERRY ALLEN HOWELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Richard S. Christensen, District Judge.

Appeal from order revoking probation, <u>dismissed</u>; judgment of conviction and unified five-year sentence with two-year determinate term for unlawful possession of a firearm, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

In cases consolidated for appeal, Kerry Allen Howell pled guilty to burglary, Idaho Code § 18-1401 (Docket No. 45927), and unlawful possession of a firearm, I.C. § 18-3316 (Docket No. 45928).  In the burglary case, the district court imposed a unified sentence of ten years with a five-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Howell on probation.  A report of probation violation was filed but the district court returned Howell to probation.  Howell subsequently violated probation by incurring the unlawful possession of a firearm charge.  Pursuant to a plea agreement, the district court

1

revoked probation in the burglary case and imposed a concurrent unified sentence of five years with a two-year determinate term for unlawful possession of a firearm. The district court retained jurisdiction in both cases. Howell filed appeals in both cases, which were then consolidated for appeal. Subsequent to filing his appeals, Howell completed retained jurisdiction and the district court placed him on probation, suspending his sentences in both cases. On appeal, "[m]indful of the fact he has since completed his court-ordered rider and is currently on probation" Howell continues to assert that the district court erred in revoking probation in his burglary case and in imposing an excessive sentence in his unlawful possession of a firearm case.

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Howell has requested on appeal cannot be granted because Howell has been placed back on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id.* Accordingly, Howell's appeal from the order revoking probation is dismissed.

Although Howell received the sentence he asked for, he asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Howell received the sentence he agreed to, he may not complain that the district court abused its discretion. Consequently, Howell's judgment of conviction and

suspended, unified sentence of five years with two years determinate for unlawful possession of a firearm are affirmed.