# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51396

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

MELISSA RENEE MCATEE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 20, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Mark Monson, District Judge.

Appeal from judgment of conviction and determinate sentence of 180 days in county jail for introduction of major contraband into a correctional facility, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

    Melissa Renee McAtee pled guilty to introduction of major contraband into a correctional facility. Idaho Code § 18-2510(3)(a). As part of the plea agreement, the State dismissed McAtee's four other separate pending cases, and the parties jointly recommended to the district court that McAtee be sentenced to a term of one year and that the sentence be commuted to 180 days jail with credit for time served. The district court followed the recommendation and sentenced McAtee to a determinate term of one year and commuted the sentence to 180 days in the county jail with credit for time served. McAtee appeals. Subsequently, while this appeal was pending, McAtee

1

completed her jail sentence. On appeal, McAtee argues that, mindful of the fact that she received the sentence she requested and that her claim is now moot, her sentence was excessive.

The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). McAtee received the sentence she requested; she has now waived any claim the sentence was excessive. Additionally, the relief McAtee has requested on appeal cannot be granted because she has served her sentence. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Therefore, McAtee's appeal from her judgment of conviction and sentence is dismissed.