**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51834/51835/51836**

| | |
|---|---|
| STATE OF IDAHO, )<br><br>Plaintiff-Respondent, )<br><br>v. )<br><br>INA GRACE DIXEY, )<br><br>Defendant-Appellant. ) | **Filed: May 30, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Appeal from the orders revoking probation and executing previously suspended sentences in Docket Nos. 51834 and 51835, dismissed; judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for felony eluding in Docket No. 51836, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

This appeal involves three consolidated cases. In Docket No. 51834, Ina Grace Dixey pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c)(1). The district court sentenced Dixey to a unified term of four and one-half years, with a minimum period of confinement of one and one-half years, and retained jurisdiction. In Docket No. 51835, Dixey pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). The district court sentenced Dixey to a unified term of four and one-half years, with a minimum period of

1

confinement of one and one-half years, and retained jurisdiction.[1] In both cases, after the period of retained jurisdiction, the district court suspended the sentences and placed Dixey on probation for four years. Subsequently, Dixey admitted to violating the terms of probation in both cases. The district court continued Dixey on probation and extended the term for an additional two years in both cases. Subsequently, Dixey admitted to violating the terms of probation in both cases. The district court consequently revoked probation and ordered execution of the original suspended sentences in both cases.

In Docket No. 51836, Dixey pled guilty to felony eluding. I.C. § 49-1404(2). The district court sentenced Dixey to a unified term of five years, with a minimum period of confinement of two years, and retained jurisdiction.[2] Dixey filed an Idaho Criminal Rule 35 motion, which the district court denied.[3]

In Docket Nos. 51834 and 51835, Dixey appeals, contending that the district court abused its discretion by revoking probation and executing the underlying sentences in both cases, specifically that she should have been allowed to continue on probation. During the pendency of this appeal, the district court suspended Dixey's sentences and placed her on probation for four years. Given that, the State argues that Dixey's appeal is now moot. A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The only relief Dixey has requested on appeal cannot be granted because she has been granted the relief she requested, and

---

[1] This sentence was ordered to run concurrently to the sentence in Docket No. 51834.

[2] This sentence was ordered to run consecutively to the sentences in Docket Nos. 51834, 51835, and another unrelated case.

[3] On appeal, Dixey does not challenge the district court's denial of her Rule 35 motion for reduction of sentence.

she has not identified an exception to the mootness doctrine that would otherwise make her claim of error justiciable. As such, any judicial relief from this Court would have no effect on either party. *See id.*

In Docket No. 51836, Dixey appeals, arguing that her sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in Docket No. 51836, we cannot say that the district court abused its discretion.

Therefore, the appeal from the orders revoking probation and directing execution of Dixey's previously suspended sentences in Docket Nos. 51834 and 51835 are dismissed. The judgment of conviction and sentence in Docket No. 51836 is affirmed.