# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51863

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>WILLIAM JASPER ALLEN,<br><br>    Defendant-Appellant. | )<br>)  **Filed: September 9, 2025**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS A SUBSTITUTE**<br>)  **UNPUBLISHED OPINION AND**<br>)  **SHALL NOT BE CITED AS**<br>)  **AUTHORITY**<br>)  **THE COURT'S PRIOR OPINION**<br>)  **DATED MAY 27, 2025, IS HEREBY**<br>)  **WITHDRAWN**<br>) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Mark Monson, District Judge.

Judgment of conviction and unified sentence of four years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

William Jasper Allen pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. At sentencing, Allen requested the district court suspend his sentence and place him on probation. The district court sentenced Allen to a unified term of four years, with a minimum period of confinement of two years, but retained jurisdiction and sent Allen to participate in the rider

1

program. Allen appeals, arguing that his sentence is excessive and the district court should have placed him on probation.[1]

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The relief Allen has requested regarding the period of retained jurisdiction on appeal cannot be granted because he has served his term, and he has not identified an exception to the mootness doctrine that would otherwise make his claim of error justiciable regarding the period of retained jurisdiction. As such, any judicial relief from this Court regarding the period of retained jurisdiction would have no effect on either party. *See id.*

Allen also argues that the underlying sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Allen's judgment of conviction and sentence are affirmed.

---

[1]     During the pendency of this appeal, the district court suspended Allen's sentence and placed him on probation following the period of retained jurisdiction.