**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52015**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 18, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAMES AURTHER DAVIS, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction and aggregate, unified sentence of ten years, with a minimum period of confinement of three years, for possession of a controlled substance and being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

PER CURIAM

James Aurther Davis, Jr. was found guilty of possession of a controlled substance, I.C. § 37-2732(c), and being a persistent violator, I.C. § 19-2514. The district court sentenced Davis to a unified term of five years, with a minimum period of confinement of three years, for possession of a controlled substance and consecutive, indeterminate term of five years for being a persistent violator. However, the district court retained jurisdiction and sent Davis to participate in the rider program. Following completion of his rider, the district court suspended the sentence and placed

1

Davis on probation. Davis appeals, arguing that his sentence is excessive and that the district court should have placed him on probation.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

"Mindful" that Davis has been placed on probation, he argues that the district court should have placed him on probation at the time of sentencing. A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The relief Davis has requested on appeal cannot be granted because he has already been placed on probation. Therefore, any judicial relief from this Court would have no effect on either party. *See id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Davis's judgment of conviction and sentence are affirmed.

---

[1]     Davis was also found guilty of and sentenced for a misdemeanor. However, he does not challenge this judgment of conviction and sentence on appeal.