## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 52225

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 20, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DAVID JONATHAN TURNER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction and suspended one-year jail sentence, with a minimum period of confinement of thirty days, and a supervised period of probation of two years, <u>affirmed.</u>

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

David Jonathan Turner was charged with one count of attempted strangulation, one count of felony domestic battery, and one count of malicious injury to property. Following trial, a jury acquitted Turner of the two felony counts, but found him guilty of malicious injury to property. I.C. § 18-7001(1). The district court sentenced Turner to one year in jail, with a minimum period of confinement of thirty days. The district court suspended the remainder of Turner's sentence and placed him on supervised probation for two years. Additionally, the district court ordered that Turner obtain a domestic violence evaluation and comply with the recommendations therein.

1

Turner appeals, arguing that his sentence is excessive and that the district court erred in ordering the domestic violence evaluation and compliance with its recommendations.

The State asserts that Turner's appeal regarding the domestic violence evaluation is moot because he has completed the evaluation and that Turner's sentence is not excessive. Turner responds that, because he is required to attend those classes recommended by the evaluator, his appeal is not moot. A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). To the extent Turner contends that requiring him to undergo the domestic evaluation was erroneous, that contention is moot because the evaluation is complete, and this Court cannot undo what has already been done. Moreover, Turner has not established any exceptions apply to his claim of error as it relates to the requirement that he complete the evaluation in the first instance.

As to Turner's claim that the mootness doctrine does not foreclose his challenge to the requirement that he comply with the domestic violence evaluator's recommendations, we agree that this aspect of Turner's challenge on appeal is not moot. Even so, the district court did not abuse its discretion by requiring compliance with the evaluator's recommendation as part of Turner's sentence. That Turner was acquitted of domestic battery charge does not change the factual context from which all charges arose, including the malicious injury to property charge on which he was convicted.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722,

726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing a suspended one-year jail sentence or in requiring Turner to comply with the domestic violence evaluator's recommendations. Turner's judgment of conviction and sentence are therefore affirmed.